JOSEPH, d. b. a. CLUB HOUSE CAFE, Appellants, v. BOARD OF LIQUOR CONTROL, Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 6039.   Decided April 21, 1959.

Charles T. Kaps, Columbus, for appellants.

Mark McElroy, Atty. Genl., John A. Hoskins, Asst. Atty. Genl., Columbus, for appellee.

(WISEMAN, J, of the Second District, sitting by designation in the Tenth District.)

**OPINION**

By WISEMAN, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County affirming the order of the Board of Liquor Control which sustained an order of the Department of Liquor Control rejecting an application for the renewal of Classes D-1, D-2 and D-3 permits.

The only error assigned by appellant is: The Common Pleas Court erred in finding that the order of the Board of Liquor control was in accordance with law, in that said Court of Common Pleas found that the Board of Liquor Control had properly overruled the motion of the appellants before the Board of Liquor Control to make definite and certain the order of the Director of Liquor Control respecting appellants' application for renewal of the D-1, D-2 and D-3 permits.

The question appearing on the face of the record, resort to the evidence is not required.

Under date of February 8, 1957, the Department of Liquor Control rejected renewal of the permits on the ground that the appellants were not proper persons to hold said permits, in view of the disorderly and unlawful operation at subject premises, to-wit:

"The permitting of the premises to be used for solicitation for immoral purposes contrary to Regulation 52 of the Board of Liquor Control.

"The permitting of immoral conduct, and vulgar language on the permit premises contrary to the provisions of Regulation 52 of the Board of Liquor Control.

"The selling of intoxicating beverages to intoxicated persons contrary to §4301.22 R. C.

"The selling of intoxicating beverages on Sunday contrary to the provisions of §4301.22 R. C.

"The possession of, and sale of diluted whiskey contrary to the provisions of §4301.68 R. C.

"The sale of chances on a thing of value for profit contrary to the provisions of Regulation 52 (B) of the Board of Liquor Control.

"The aiding and encouragement of solicitations for immoral purposes contrary to Regulation 52 of the Board of Liquor Control.

"The permitting of the premises to be used as a refuge for lawless persons.

"The department finds that Guy Dahar will have an interest, direct or indirect, in subject permit premises, and will be carrying on said business without being a permit holder of record, contrary to the provisions of §§4303.13, 4303.14, 4303.15, 4303.25 and 4303.27 R. C.

"The department further finds that the applicants made a false material statement in the Oath contained at the bottom of the Renewal Form, wherein the subject applicants stated they were,

"the sole and true owners of the business mentioned in the foregoing application."

The appellants duly filed an appeal to the Board of Liquor Control, and also filed with the Board a motion as follows:

"Now come the appellants herein and move the Board of Liquor Control for an order requiring the Department of Liquor Control to make definite and certain its order rejecting appellants' application for renewal of their D-1, D-2, and D-3 Permits by setting forth the dates of the alleged offenses and the names of the persons alleged to have participated in or committing the offenses upon the premises, and such other information as would enable these appellants to properly prepare their defense to the charges set forth in the letter of rejection."

In overruling the motion the Board made the following order:

"This cause came on to be heard on the motion of the appellants for an order requiring the Department of Liquor Control to make definite and certain its rejection order on the appellants' application for renewal of the within Classes D-1, D-2, and D-3 permits, and on consideration thereof the Board of Liquor Control finds it is without jurisdiction in the premises and therefore denies said motion."

The appellants complain that they were required to proceed with the hearing before the Board without knowledge of the specific charges against them.

The findings contained in a notice of rejection of an application for renewal of a permit are controlled by Regulation 65, Section 2, which provides as follows:

"When the Director refuses to issue, renew or transfer any permit he shall, by registered mail, return receipt requested, send to the person so refused, notice of such order at the address stated in such person's application and a copy of such notice to the attorney of record of the applicant. The notice shall set forth the reasons for his action, refer to the law or rule directly involved, and state that the party will be afforded a hearing by the Board if requested within thirty days from the time of mailing the notice."

The appellants contend that the findings are vague and do not meet the requirements of the applicable regulation. We do not agree. In our opinion the findings of the Department meet the requirements of the regulation in every respect. The reasons for the action of the Department were cited, together with a reference to the statute or rule directly involved, as required. The regulation was promulgated in pursuance to §4301.03 R. C., and its provisions respecting notice were in accord with §119.07 R. C., of the Administrative Procedure Act.

It is claimed by appellants that the notice should set out evidentiary material with the same particularity as is done in citations to show cause why a permit should not be suspended or revoked. Such proceedings are controlled by §§4301.25 to 4301.28 R. C. Sec. 4301.25 R. C., in part provides:

"The board of liquor control may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. R. C., for the violation of any of the applicable restrictions of such chapters or of any lawful rule or regulation of the board or other sufficient cause, and for the following causes: * * *." (Here are listed five distinct causes.)

In issuing a citation to show cause why a permit should not be suspended or revoked it is necessary that the citation set forth with some particularity a statutory ground for suspension or revocation, which is the established practice of the Department. However, this provision has no application to a notice of the rejection of an application for renewal of a permit; it is sufficient that the notice rejecting an application for a renewal of a permit be in accord with the requirements of the Regulation.

The Board dismissed the motion for an order requiring the Department to make definite and certain the rejection order on the ground

that the Board was "without jurisdiction in the premises." We have examined the sections of the Liquor Control Act and §4301.04 R. C., which prescribes the powers of the Board, and find no authority conferred on the Board to issue the order requested. Neither is such power conferred by §119.09 R. C., of the Administrative Procedure Act. In our opinion the action of the Board was proper.

The judgment of the Common Pleas Court was "in accordance with law." Sec. 119.12 R. C. The assignment of error is not well made.

Judgment affirmed.

BRYANT, PJ, DUFFY, J, concur.